RECEIVED: 03/26/2008 03:25:31 PM

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:  )
        )
JEROME P. FOX and ROSANNE C. FOX,  )   No. 07-01211-PCW11
d/b/a FOX ORCHARDS,  )
        )
                    Debtors.  )
_____)
        )
JEROME P. FOX and ROSANNE C. FOX;  )
and FOX ESTATE WINERY, LLC,  )   Adv. No. 07-80144-PCW
        )
                    Plaintiffs,  )
        )
    vs.  )   MEMORANDUM DECISION RE:
        )   1) PLAINTIFFS' MOTION TO
PRECEPT BRANDS, LLC,  )   AMEND THE COMPLAINT; AND
        )   2) DEFENDANT'S MOTION TO
                    Defendant.  )   DISMISS ADVERSARY
_____)

**FACTS**

On April 12, 2007, Jerome and Rosanne Fox commenced a Chapter 11 proceeding. The Schedules list as assets, real property used as an orchard and vineyard and facilities used to process and store agricultural products such as apples and grapes. Personal property, Schedule B, includes cash on hand, a pension fund, interest in a co-op and an LLC, as well as a 60% ownership in co-plaintiff Fox Estate Winery, LLC (hereinafter "LLC"). The assets of the LLC were not included in the Schedules as assets of the debtors, rather, the debtors' 60% ownership interest in this LLC was an asset of their personal bankruptcy estate as reflected in Schedule B. The plan filed on October 30, 2007 and confirmed on January 15, 2008, pays 100% to creditors, with funding provided by the debtors' continued agricultural operations and the sale of certain portions of the real estate.

The Disclosure Statement filed on October 30, 2007 describes the relationship between the debtors and the LLC. The debtors grow grapes as well as other agricultural products. The other agricultural products are processed and the grapes are crushed in the debtors' processing facility. The crushed grapes are then placed in fermentation tanks owned by the LLC which are located in the processing/storage facility owned by the debtors personally. The LLC owns eight tanks with a 40-ton

MEMORANDUM DECISION . . . - 1

capacity, one tank with a 20-ton capacity and four tanks with a 10-ton capacity. Outside the processing/storage facility owned by the debtors personally, but still on their property, is a receiving station owned by the LLC which weighs the crushed grapes and does some processing to remove the stems. The Fox Estate Winery label is that of the LLC and that label has won various awards. The LLC is also the holder of the liquor license relating to distribution of the wine.

The Disclosure Statement states that the LLC sold the 2004 grape crop to various buyers and most of the 2005 and 2006 grape crop was sold to Precept Brands, LLC (hereinafter "Precept"), which bottles and distributes the bulk wine. The Disclosure Statement states that the LLC "is in the process of collecting the receivables agreed to in the original sale of the 2006 crop and some of the 2005 crop." The assets of the LLC are not included in the liquidation analysis upon which the Chapter 11 plan is based.

On December 5, 2007, the debtor filed this adversary against Precept, with the LLC as co-plaintiff. The adversary seeks to recover amounts owed on the contract by Precept to purchase the bulk wine from the 2005 and 2006 crop years and alleges breach of that contract, breach of Precept's contractual duty of good faith and fair dealing, and requests a turnover of estate property, i.e., the bulk wine, if payment is not received from Precept. Precept made offers to purchase the bulk wine on May 10 and 11, which resulted in the contract at issue dated July 16, 2007. The contract is in the form of an invoice of the LLC, and only the LLC and Precept are named. The amount due "on receipt" per the invoice is $598,363. In prior purchase transactions, Precept paid about 30 days after invoice. On September 4, 2007, Precept paid $509,473.10 toward this invoice.

On February 5, 2008, this Motion to Dismiss the adversary for lack of jurisdiction was filed. No response to that motion has been filed by the co-plaintiff LLC. On February 22, 2008, both co-plaintiffs moved to amend the Complaint. The proposed Amended Complaint mirrors the original complaint, but adds a cause of action alleging that Precept's intentional withholding of payment under the invoice was tortious interference with the business relationship between debtors and the LLC.

## **JURISDICTION**

Precept seeks dismissal with prejudice of the debtors as co-plaintiffs, as they lack standing to bring the causes of action and seeks dismissal of the LLC without prejudice as this court has no

MEMORANDUM DECISION . . . - 2

jurisdiction over the dispute between the LLC and Precept. As to the debtors' standing, the contract is the invoice, a form with the LLC letterhead, and only the LLC and Precept are named. The debtors are not a named party. There are three causes of action based upon the contract: breach by failing to pay for the purchase of the bulk wine, breach by failing to pay for the storage of the bulk wine, and breach of the duty of good faith and fair dealing.

Causes of action for breach of contract and breach of the duty of good faith and fair dealing are not applicable to those not parties to a contract. The debtors argue that since the pre- purchase offers to purchase contained a reference to a purchase conditioned upon "release of creditors' interests" and since the debtors were creditors of the LLC, this gives them standing[1]. Assuming that the debtors are creditors of the LLC, that does not give rise to standing for the debtors to enforce a contract between the LLC and a third-party. In support of their standing, the debtors allege they are third-party beneficiaries of the contract. In order to be considered a third-party beneficiary, the debtors must have a direct interest in the contract. Assuming they are creditors of the LLC and that it agreed to pay the debtors the proceeds of the contract, that is not sufficient under state law to give the debtors a direct interest in the contract creating third-party beneficiary status. Postlewait Const., Inc. v. Great American Ins. Companies, 41 Wn. App. 763, 706 P.2d 636 (1985); *see also* Vikingstadt v. Baggott, 46 Wn.2d 494, 282 P.2d 824 (1955); McDonald Const. Co. v. Murray, 5 Wn. App. 68, 485 P.2d 626 (1971).

The remaining cause of action is a request to turnover property of the estate as required by 11 U.S.C. § 542. The relief requested is that if Precept does not complete payments for the bulk wine, it is to return the bulk wine to the debtors. However, the bulk wine was owned by the LLC, not the debtors. The assets of the LLC were not included in the bankruptcy estate and turnover is inapplicable. The debtors argue that various cash collateral orders between debtors and their creditors, which held real and personal property liens, refer to "proceeds of wine/grape inventory." Precept was not a party to those cash collateral orders, nor was the LLC. Standing alone, these references are not sufficient to demonstrate that the debtors personally owned or had an interest in the bulk wine held in the tanks

---

[1] Although not addressed in the pleadings, they argue that Mr. Fox (who is also manager of the LCC) negotiated the contract on behalf of himself and the LLC, thus making the debtors parties to the contract. Even assuming the debtors are correct in this contention, for reasons described in this opinion, it becomes irrelevant.

MEMORANDUM DECISION . . . - 3

owned by the LLC and sold by the LLC and not included in the Schedules or Disclosure Statement or Plan. Section 542 applies only to property of the estate. As the bulk wine was never property of the estate, § 542 is inapplicable and this cause of action should be dismissed with prejudice.

Debtors refer to some arrangement with the LLC by which the debtors were to receive "net proceeds" of the sale of the bulk wine. The only evidence in the record of any such agreement is the debtor's statement that "Fox Orchard's (sic) relies on proceeds of Fox Winery's sales net of costs of production to fund further orchard operations."[2] Essentially, debtors argue that their personal business affairs (operation of the orchard, vineyard, CA storage and processing facility) were so intertwined with the business affairs of the LLC that the debtors have an interest in any contract made by the LLC. The debtors own the majority interest in the LLC. However, the LLC is a separate legal entity not in bankruptcy. If the business affairs of that separate legal entity were so intertwined with those of the bankruptcy estate, perhaps the assets of the LLC, including what could be a very valuable wine label and liquor license, should have been included in the bankruptcy estate. During the reorganization, the debtors considered and treated the LLC as a separate legal entity, and its assets were not included in the estate. After receiving that benefit, debtors now argue that the business operations were so closely intertwined that the debtors personally benefit from contracts made by the LLC. The debtors cannot "have their cake and eat it too."

As to the causes of action in the original Complaint, it is questionable whether debtors have standing to bring such causes of action or have stated a claim. Even assuming that standing did exist, the Bankruptcy Court has no jurisdiction to hear the controversy. The Complaint alleges "related to" jurisdiction under 28 U.S.C. § 157(a) of the Code as the debtors are majority owners of the LLC, the business affairs are intertwined, and the LLC promised to pay the debtors the "net proceeds" of the contract. "Related to" jurisdiction exists if the cause of action is owned by the debtor. It is questionable whether these causes of action are owned by the debtors who variously define their status as parties to an oral contract, unnamed parties to a written contract, real parties in interest or third-party beneficiaries

---

[2] The declaration also states that the grapes are fermented in the debtors' processing facility "using Fox Orchard's equipment and tanks." This contradicts the statements made in the Disclosure Statement regarding the ownership and use of the fermentation tanks.

MEMORANDUM DECISION . . . - 4

of a written contract. Assuming the debtors could bring these causes of action, jurisdiction only exists if the resolution of the dispute between the debtors and the defendant Precept would necessarily affect the bankruptcy estate. The issue is whether this dispute regarding Precept's duty to pay the full invoice of $598,363 "on receipt" or to pay the balance remaining after application of the payment of $509,473 necessarily affects the bankruptcy estate. In re Fietz, 852 F.2d 455 (1988).

The confirmed Chapter 11 plan provides for 100% repayment of creditors to commence approximately February 1, 2008, as the plan was confirmed January 15, 2008. The first payment is to be composed of $100,000 cash the debtors had on hand at the time of confirmation and $533,077 held by the debtors with the Bank of Whitman. The remaining two distributions to creditors are to occur within approximately a year after confirmation. One source of funding is to be the 2007 crop proceeds of $2,400,000. Additionally, the plan provides that the storage and processing facility are to be sold as well as some of the orchard and vineyard property which is valued in the liquidation analysis at $13,000,000. As provided in the plan, the debtors have recently sold the Colorado real estate for $810,000. Also, the plan requires certain personal property be sold, which property was valued at $1,100,000 to $1,500,000. Assuming that there are funds remaining due to the debtors from the LLC, those funds are not a primary or even a significant source of payment to creditors under the plan. The LLC's, or even debtors' ability to collect the remaining balance from Precept or the six week delay in payment would have no effect on the successful completion of the bankruptcy plan. The LLC is presumptively solvent as it is not in bankruptcy. There is no evidence that it is in default of whatever obligation it has to debtors, but assuming it owes "net proceeds" or a some price for the purchase of the crushed grapes from the debtors, there is no indication that the LLC is unable to pay that amount, regardless of its dispute with Precept.

Also, procedural problems exist. The LLC, through its separate counsel, has not objected to, nor responded to, the Motion to Dismiss the Complaint and the defendant is entitled to entry of an order granting its request to dismiss the LLC's causes of action without prejudice. Leaving only the debtors as plaintiffs would create extremely difficult procedural and substantive issues in reaching a resolution of the issues.

"Related to" jurisdiction does not exist for the original Complaint and the causes of action

MEMORANDUM DECISION . . . - 5

referenced in that Complaint. Any relationship between that dispute and the administration of the bankruptcy estate under the confirmed plan is de minimis.

## MOTION TO AMEND

Faced with the Motion to Dismiss for lack of jurisdiction, the debtors immediately sought to amend the Complaint to add a cause of action. The proposed Amended Complaint is a mirror image of the original Complaint but adds a cause of action brought by both debtors and the LLC against Precept for tortious interference with the business relationship between the debtors and the LLC. Again, the allegation is that the business relationship between the debtors and the LLC is complementary and interrelated. That does not appear to be in dispute, although this leads to questions of exactly how intertwined those business operations were and whether the Chapter 11 reorganization proceeded and the plan was confirmed based upon incorrect information. The new cause of action alleges that Precept intentionally withheld payment under the contract to exert "financial pressure on the debtors in an attempt to induce the Debtors to sell property to Precept Brands at below market prices" and intentionally interfered with debtors' business relationship with the LLC. That relationship is not defined, but seems to be the arrangement or agreement by the LLC that it would pay the net proceeds of this bulk wine contract to the debtors. The briefing and declarations refer to discussions between the debtors and Precept regarding a possible purchase of some portion of debtors' real estate, but there is no evidence or allegation of any relationship between the debtors and the LLC to sell property other than the crushed grapes.

Again, the underlying premise of this cause of action is that due to the intertwined nature of the business relationship between the LLC and the debtors, Precept's alleged failure to pay or alleged delay in paying a substantial portion of the purchase price of the bulk wine adversely affected the debtors. Again, this contention is contrary to the debtors' treatment of the LLC in the Chapter 11 as a totally separate entity with its own assets, income and liabilities. Assuming however that the debtors have a valid cause of action for tortious interference with the relationship between it and the LLC, that does not necessarily result in "related to" jurisdiction by this court. There is no evidence that that cause of action is significantly related to debtors' performance under the confirmed plan. This claim for damages in some unknown amount against a third-party is not mentioned in the plan nor identified as a source

MEMORANDUM DECISION . . . - 6

of funding for the repayment of creditors under the plan. Debtors do rely upon income from continued operations for payment to creditors. Concluding that "related to" jurisdiction exists could result in this court hearing post-plan confirmation collection actions brought by reorganized debtors against purchasers who do not pay for goods sold. Such jurisdiction exists only if the controversy would have a significant effect upon the administration of the estate. Under the circumstances of this case, particularly the terms of the confirmed plan, there is not a sufficient nexus between this cause of action and the administration of the estate, i.e., substantial completion of the plan. Therefore, "related to" jurisdiction over this claim does not exist.

Although not raised by the parties, even if "related to" jurisdiction exists, the causes of action referenced in this adversary and the underlying circumstances would most likely result in abstention by the Bankruptcy Court. There are no causes of action related to the Bankruptcy Code nor any federal statute. All causes of action are merely state law claims and involve, in addition to the debtors, two non-debtor parties.

## CONCLUSION

The third cause of action for turnover of estate property under § 542 of the Code should be dismissed with prejudice. All other causes of action should be dismissed without prejudice as "related to" jurisdiction does not exist. The Motion to Amend Complaint should be denied as, even should that motion be granted, "related to" jurisdiction would not exist. These state law causes of action are more properly within the purview of the appropriate state court.



_____
Patricia C. Williams
Bankruptcy Judge

03/26/2008 03:50:22 PM

MEMORANDUM DECISION . . . - 7